NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHENG XU,<br><br>               Petitioner,<br><br>   v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>               Respondent. | No.   15-72081<br><br>Agency No. A089-882-703<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2018**
Pasadena, California

Before:  GOULD and MURGUIA, Circuit Judges, and CHRISTENSEN,*** Chief District Judge.

Cheng Xu, a citizen of China, petitions for review of the Board of

Immigration Appeal's ("BIA") decision affirming the Immigration Judge's ("IJ")

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Dana L. Christensen, Chief United States District Judge for the District of Montana, sitting by designation.

decision finding him ineligible for asylum and withholding of removal as an alien who has been persecuted on account of religion under the Immigration and Nationality Act ("INA") §§ 208 and 241, 8 U.S.C. §§ 1158(b)(1) and 1231(b)(3)(A). We have jurisdiction to review the BIA's final order of removal and denial of asylum under 8 U.S.C. § 1252, and we reverse.

The BIA conducted a de novo review of Xu's claims and did not expressly adopt the IJ's opinion; accordingly, this Court need only review the decision of the Board itself, not the decision of the IJ. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006). We review questions of fact for substantial evidence. *See Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir. 2004). Where evidence may support a contrary finding but does not compel it, this Court does not reverse BIA decisions. *See* 8 U.S.C. § 1252(b)(4); *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("To reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it." (emphasis in original)).

Substantial evidence does not support the IJ's conclusion that Xu failed to establish asylum eligibility on the basis of past persecution under 8 C.F.R. § 1208.13(b)(1). Xu, an adherent of the Christian faith, was arrested with his fellow believers during a prayer meeting held in the home of another member of the fellowship. Chinese police detained Xu for fifteen days. During that time, Xu was interrogated, accused of participating in an "evil cult," slapped, punched,

kicked to the ground, and beaten while on the ground. The police released Xu only after his parents paid an 8,000 RMB bond and, as conditions for his release, Xu was prohibited from speaking to anyone about his treatment during detention, prohibited from contacting members of his Christian fellowship, and required to report weekly to the police. Xu reported to the police a total of twenty-eight times before leaving China six months later. Considering the totality of the circumstances, including Xu's prohibition from Christian fellowship, these actions compel a finding of persecution. *See Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004) (concluding that the totality of the circumstances compelled a finding of persecution where petitioner was detained for a day and a half and coerced into signing a document saying he would no longer believe in Christianity). Accordingly, the BIA erred in concluding that Xu did not suffer past persecution.

Because we conclude that Xu has established past persecution, he is entitled to a rebuttable presumption of a well-founded fear of future persecution under 8 C.F.R. § 1208.13(b)(1). "The government must then rebut that presumption by demonstrating by a preponderance of evidence that circumstances have fundamentally changed or that relocation is possible, so that the petitioner no longer has a well-founded fear that [he] would be persecuted." *Mohammed v. Gonzales*, 400 F.3d 785, 798–99 (9th Cir. 2005) (citing 8 C.F.R. § 1208.13(b)(1)(i) (2005)). Just as in the asylum context, the establishment of past persecution on the

15-72081

basis of religion entitles Xu to a presumption that his "life or freedom would be threatened in the future in the country of removal" for purposes of the regulatory scheme governing the relief of withholding of removal. *Qu v. Gonzales*, 399 F.3d 1195, 1198 (9th Cir. 2005) (quoting 8 C.F.R. § 1208.16(b)(1)(i) (2005)). Again,

> the presumption can be rebutted by the government by a preponderance of the evidence if either of two exceptions, which mirror those in the asylum context, is proved: (1) '[t]here has been a fundamental change in circumstances such that the applicant's life or freedom would not be threatened . . .' or (2) '[t]he applicant could avoid a future threat to his life or her life or freedom by relocating to another part of the proposed country of removal . . . .'

*Id.* (quoting 8 C.F.R. § 1208.16(b)(1)(i)). However, because neither the IJ nor the BIA reached these questions with the burden appropriately placed on the Government, we remand to the agency for a determination of whether the Government can rebut these presumptions. *See Guo*, 361 F.3d at 1204; *see also Chand v. I.N.S.*, 222 F.3d 1066, 1079 (9th Cir. 2000) ("[W]e have long held that the determination of whether or not a particular applicant's fear is rebutted by general country conditions information requires an individualized analysis that focuses on the specific harm suffered and the relationship to it of the particular information contained in the relevant country reports."); *I.N.S. v. Ventura*, 537 U.S. 12, 16 (2002) (holding that "a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

**PETITION GRANTED and REMANDED.**